689 A.2d 968

**Diane M. FLORIAN, Appellant,**

v.

**Jeffrey A. FLORIAN, Sr.**

Superior Court of Pennsylvania.

Argued Oct. 30, 1996.

Filed Feb. 27, 1997.

Peter M. Suwak, Washington, for appellant.

Diane M. Florian, appellant, pro se.

Before TAMILIA, JOHNSON and BROSKY, JJ.

## OPINION

BROSKY, Judge.

This is a *pro se* appeal from the final order of the trial court which dismissed appellant's petition for modification of an existing child support order. Appellant presents the following issues for review: (1) whether the trial court abused its discretion by denying her request for the appointment of a district attorney; (2) whether the trial court lacked jurisdiction to proceed on a petition for modification filed by appellee while an appeal from a prior support order was pending in this court; and (3) whether the lower court erred in calculating the

amount of child support. For the reasons set forth below, we affirm.

Before addressing these issues, we will briefly recount the pertinent facts giving rise to this appeal. Appellant, Diane Florian, and appellee, Jeffrey Florian, Sr.,[1] married in 1978 and were divorced in 1991.[2] Support proceedings were apparently commenced in Greene County but were later transferred to Washington County in September, 1988. Since that time, the parties have filed numerous petitions seeking increases or reductions in child support which have resulted in the entry of various support orders.

The most recent support order was entered on September 15, 1995 and directs appellee to pay $320.00 per month for the support of his two younger children, plus $75.00 per month which is to be credited towards support arrearages. Appellant did not appeal this order. She instead filed a petition for modification of the support order on September 29, 1995.

A hearing was held on the petition in October, 1995. The support master subsequently determined that appellant failed to establish a substantial change in circumstances since the entry of the previous support order. The master further found that appellant was attempting to relitigate matters that had been adjudicated during the prior support proceedings. As a result, he recommended that her petition be dismissed.

Appellant filed timely exceptions to the master's report. Following argument thereon, the trial court entered a final order which dismissed appellant's exceptions and denied her petition for modification. Appellant timely appealed.[3]

---

**1.** Mr. Florian has neither filed a brief nor otherwise participated in this appeal.

**2.** Three children were born during the marriage: Jeffrey, Jr., Joshua and Jordan, who were respectively born in February 1980, March 1983 and March 1986. The parties' eldest son, Jeffrey, has resided with his father since 1990.

**3.** We observe that appellant has a separate appeal involving custody and visitation issues which is currently pending before this court. *See Florian v. Florian* at No. 01483 Pittsburgh 1996. Some of the documents included in appellant's brief and reproduced record relate to the custody/visitation case. These materials will not be considered as they

■ Appellant first contends that the trial court abused its discretion by failing to request that the district attorney represent her in these proceedings. The Domestic Relations Code provides, in relevant part, that "[t]he district attorney, upon the request of the court or a Commonwealth or local public welfare official, shall represent any complainant in any proceeding under this subchapter." 23 Pa.C.S.A. § 4306(b). However, the statute does not delineate when or under what circumstances this request should be made. In the absence of any legislative directive, appellant invites us to promulgate standards governing the appointment of the district attorney. This we decline to do. It is not for the courts to engraft requirements onto a statute which the legislature did not see fit to include. *Commonwealth v. Rieck Investment Corp.*, 419 Pa. 52, 59–60, 213 A.2d 277, 282 (1965). Rather, it is our duty to ascertain and effectuate the intention of the General Assembly and construe a statute to give effect to all its provisions, if possible. 1 Pa.C.S.A. § 1921(a).

Section 4306(b) is phrased in clear and unambiguous language and specifically directs that the district attorney must represent complainants in a support proceeding upon the request of the court or public welfare officials. The statute's reference to local or Commonwealth public welfare officials indicates that the legislature intended representation to be provided to complainants who receive public assistance benefits. By authorizing the court to make the request, however, the legislature has further recognized that other instances may arise where representation by the district attorney is appropriate. The legislature's failure to specify those situations suggests that these matters were intended to be committed to the sound discretion of the trial court. *See, e.g., Steenland–Parker v. Parker*, 375 Pa.Super. 457, 465, 544 A.2d 1010, 1014 (1988) (applying an abuse of discretion standard to the trial court's decision to appoint the district attorney to represent a party in support proceedings).

are not properly before this court with regard to the instant support matter.

While there is a dearth of authority governing a request for representation pursuant to section 4306(b), some guidance nonetheless can be gleaned from a review of pertinent statutory and caselaw. For example, this court has approved of the appointment of the district attorney where one of the parties was an out-of-state resident. *See Steenland–Parker v. Parker, supra* (appointing district attorney to represent respondent-mother, who was a resident of Arizona, in proceedings on father's petition to modify an existing support obligation). In addition, the statute itself authorizes representation for those complainants who receive public welfare upon request of the state or local welfare official. *See* 23 Pa.C.S.A. § 4306(b), *supra.* Support services may also be provided to individuals who are ineligible for public assistance benefits. *See, e.g.,* 23 Pa.C.S.A. § 4306(a) (requiring the district attorney at all times to aid in the enforcement of the duty of support and to cooperate with the domestic relations section in the presentation of complaints or in a any proceeding designed to obtain compliance with any order of the court); 62 P.S. § 432.7(e)(2) (directing the Department of Public Welfare to undertake, either directly or pursuant to cooperative arrangements with appropriate courts or law enforcement officials including domestic relations offices, to secure child support from any legally responsible relative); 62 P.S. § 432.7(f) (directing the Department of Public Welfare to make child support and paternity services available to any individual who is not eligible for assistance to the extent required by Federal law and upon application, submitted to the department on forms provided by the department, and payment of any application fee); 55 Pa.Code § 187.24(c) (providing that support collection and paternity determination services will be made available to nonassistance persons upon request and directing that such persons be referred to the local Domestic Relations Office).

Review of the above authorities thus reflects that representation by the district attorney is appropriate: (1) where one of the parties is an out-of-state resident; (2) where the complainant receives public assistance benefits; or (3) where the complainant is ineligible for public assistance but is

otherwise eligible and has applied for support services through the Department of Public Welfare or the local domestic relations office. We further recognize that the district attorney is not necessarily required to provide such services, as the Public Welfare Code makes it clear that support and related services can be offered through an arrangement either with the courts, law enforcement officials or the domestic relations office. *See* 62 P.S. § 432.7(e)(2), *supra.* Application of the above considerations persuades us that the trial court did not abuse its discretion by refusing to request that the district attorney represent appellant.

The record reflects that appellant has resided in Washington County, Pennsylvania throughout all relevant stages of these proceedings. Moreover, the support master's report indicates that appellant is employed at Mayview Hospital and has a net monthly income of $1,250.00. Report of Support Master, dated 7/20/95, at 1. The report further indicates that appellant does not receive a welfare grant. *Id.*

In view of these circumstances, it is obvious that appellant is neither an out-of-state resident nor one who receives public assistance. She thus does not fall within either of the first two situations in which representation by the district attorney is authorized. With regard to the remaining category, we are unable to ascertain whether the Department of Public Welfare has an arrangement with the Washington County Court of Common Pleas, District Attorney or Domestic Relations Office for the provision of support services to persons who do not receive public assistance.[4] Assuming that such an arrangement exists, the record does not disclose whether appellant is eligible for such services or whether she properly applied for such through the county welfare office or domestic relations section of the court. *See* 62 P.S. § 432.7(f) and 55 Pa.Code § 187.24(c), *supra.*

---

**4.** Virtually all of the counties and district attorneys in Pennsylvania have entered into cooperative arrangements with the Department of Public Welfare. *See* Pennsylvania Supreme Court Domestic Relations Committee Domestic Relations Manual, at 12–3 (1982) (indicating that arrangements existed in 65 of the 67 counties and with approximately 59 district attorneys).

Under the circumstances presented here, appellant has not established that she falls within any of the three instances in which representation by the district attorney or the provision of legal services is appropriate. While the list is not intended to be exclusive, appellant has not offered any compelling reason why the appointment of the district attorney is required in this particular case. Accordingly, the trial court did not abuse its discretion by refusing to appoint the district attorney to represent appellant.

■ Appellant's second allegation of error relates to the trial court's alleged lack of jurisdiction to entertain a petition for modification of support filed by appellee in 1995 while appellant's appeal from a prior support order was pending in this court. To facilitate our review of this issue, it is necessary to set forth the pertinent sequence of events underlying appellant's claim. The record reflects that in January of 1994, both parties filed petitions for modification of the support order which was in effect at that time. The petitions were consolidated for review and a hearing thereon was held in May of 1994, following which the support master issued his report and recommendations. Appellant filed exceptions to the report. The trial court denied appellant's exceptions and entered a final order on August 5, 1994. Appellant timely appealed therefrom. This court subsequently affirmed the trial court's order in an unpublished memorandum. *See Florian v. Florian*, 444 Pa.Super. 689, 663 A.2d 258 (1995).

In January of 1995, appellee filed a petition for modification of the August 5th support order, due to a layoff at his place of employment, notwithstanding the fact that the appeal therefrom was pending in this court. The parties apparently failed to inform the support master of the pending appeal. As a result, the master held a hearing on appellee's petition in February of 1995 following which he recommended a reduction in the amount of appellee's child support obligation. Appellant filed exceptions to the report. By order dated June 19, 1995, the court dismissed appellant's exceptions and entered a final order reducing the amount of child support. Appellant did not appeal this order.

Appellant's failure to object to the trial court's exercise of jurisdiction and failure to timely appeal precludes us from reviewing the propriety of the trial court's order. However, we note that jurisdiction had been relinquished to the trial court by the time appellee's petition was finally adjudicated on June 19th. Any jurisdictional impediment which may have existed was therefore moot when the final support order was entered. Because the trial court clearly possessed jurisdiction to decide appellee's petition, the June 19th order was valid and does not entitle appellant to any relief.

■ Appellant's final assertion of error concerns the trial court's calculation of appellee's support obligation. It is appellant's position that the computation was erroneous because appellee allegedly failed to supply the court with adequate income information. The propriety of the trial court's calculations are not properly before this court because appellant failed to timely appeal the support order.

The record discloses that appellant filed her most recent petition within two weeks after the most recent support order was entered on September 15, 1995. The evidence introduced at the hearing thereon indicated that no change in circumstances existed and that appellant was merely attempting to relitigate matters adjudicated in the previous support proceeding. *See* N.T. 10/27/95 at 3–15. As noted by this court, a party may not attempt to relitigate matters adjudicated in the existing support order; a petition to modify an order of support cannot be a substitute for an appeal. *Crawford v. Crawford,* 429 Pa.Super. 540, 559, 633 A.2d 155, 164 (1993). Because appellant failed to timely appeal, this court simply does not have jurisdiction to review the trial court's calculation of the September, 1995 support order. Finding no error or abuse of discretion by the trial court, we affirm.

Order affirmed.