J-A05038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SHARYL L. RAMSEY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ERAN GRUMBERG, | |
| Appellee | No. 1881 EDA 2014 |

Appeal from the Order Entered June 10, 2014,
In the Court of Common Pleas of Chester County
Civil Division at No(s): 01557N1999

BEFORE:  GANTMAN, P.J., SHOGAN, and ALLEN, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED MARCH 24, 2015**

Appellant, Sharyl L. Ramsey ("Mother"), appeals *pro se* from the order denying her petition for modification of child support due from Appellee, Eran Grumberg ("Father").  We affirm.

The protracted history of this case is as follows.  Mother and Father married in September of 1997 and separated in August of 1999.[1]  After the parties separated, Mother initiated a support action, and the trial court entered a temporary order for Father to pay spousal support.  Daughter was born in April of 2000.

In August of 2000, the trial court issued a combined child and spousal support order.  The parties filed motions for reconsideration and the trial

_____

[1]  A final divorce decree was issued in December of 2005.

court modified the child and spousal support. Both parties filed petitions for modification. In March of 2001, a hearing officer held a hearing on Mother's petition to increase the support order and Father's cross-petition to terminate the spousal support. In June of 2001, the hearing officer issued a recommended order. Both parties filed exceptions to the hearing officer's report. In October of 2001, Judge Katherine Platt issued an opinion and order and then an amended order. Both parties sought reconsideration and Judge Platt issued a final order for support in November of 2001. Father then appealed to this Court, and on November 14, 2002, we reversed the award of child support and remanded the case for re-computation of the amount of child support. *Ramsey v. Grumberg*, 3303 EDA 2001, 816 A.2d 341 (Pa. Super. filed November 14, 2002) (unpublished memorandum).

In January of 2003, the trial court held a hearing on remand and addressed Father and Mother's respective petitions to modify support. The trial court issued an order in June of 2003. Both Father and Mother filed motions for reconsideration. In August of 2003, the trial court issued an amended order. Father filed a motion for reconsideration of the amended order, which was denied. The parties then filed cross-appeals, and on June 3, 2004, this Court affirmed. *Ramsey v. Grumberg*, 2746 & 2747 EDA 2003, 858 A.2d 1293 (Pa. Super. filed June 3, 2004) (unpublished memorandum).

While the previous appeal was pending, both Mother and Father filed petitions to modify support. Judge Platt held hearings in August of 2004. Judge Platt issued an order in December of 2004 and an amended order in January of 2005. Mother and Father then filed cross-appeals. On December 1, 2005, the Superior Court denied Mother relief and granted Father relief in part. Mother filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on September 15, 2006. ***Ramsey v. Grumberg***, 573 EDA 2005 and 644 EDA 2004, 894 A.2d 830 (Pa. Super. filed December 1, 2005) (unpublished memorandum), *appeal denied*, 906 A.2d 1197 (Pa. 2006).

Again, while the previous appeal was pending, both Mother and Father filed petitions to modify support. After holding hearings in October 2007, the trial court entered an order in June of 2008, which determined both parties' income and expenses, calculated child support awards for three different periods, and directed Father to pay same. The trial court also denied Mother's request to reinstitute alimony *pendente lite*. Mother filed an appeal, this Court affirmed the trial court's decision on April 22, 2010, and the Pennsylvania Supreme Court denied Mother's subsequent petition for allowance of appeal on January 20, 2011. ***Ramsey v. Grumberg***, 2176 EDA 2008, 998 A.2d 1019 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 14 A.3d 829 (Pa. 2011).

Again, while her prior appeal was pending, Mother filed multiple petitions for modification seeking an increase in child support. In November of 2011, Father filed a petition to reduce child support. Hearing Officer Julia Malloy-Good held hearings on the petitions in August of 2012 and May of 2013, with the purpose of addressing all petitions and motions filed during the pendency of the earlier appeal. On December 31, 2013, Hearing Officer Good authored a report and recommendation resolving all of the prior petitions and motions. The parties failed to file exceptions. On January 23, 2014, the trial court entered an order adopting Hearing Officer Good's report and recommendations. No appeal was filed.

However, on May 9, 2013, the day after the hearing officer completed her hearings and BEFORE the hearing officer authored her report and recommendation, Mother filed yet another petition for modification. On June 9, 2014, the trial court entered an order dismissing Mother's petition for modification filed on May 9, 2013. This appeal followed.

The trial court offered the following additional facts in its opinion dated June 9, 2014:

> On May 8, 2013, Hearing Examiner Good, hereinafter "HEG," conducted the final evidentiary hearing addressing, "all the Petitions and Motions filed ... from July 2, 2008 onward." See "HEG" Report and Recommendation, pg. 1. Significantly, one goal of the hearings was to establish a support order for the year 2013 and thereafter. While Judge Platt's Opinion was on appeal to the Superior Court, [Mother] filed FOUR petitions to modify and [Father] filed ONE. The five petitions covered the years 2011, 2012 and 2013, ALL OF WHICH "HEG" addressed.

- 4 -

On May 9, 2013 at 8:55 a.m., [Mother] filed a Petition to Increase averring that "Since 2012, there has occurred a substantial and material change of circumstances." See paragraph #3 of the petition. This was the very issue just litigated before "HEG."

Why [Mother] felt it necessary to file yet another petition asking the court to consider that which she knew "HEG" was in the process of considering escapes me. [Mother] had the opportunity to present any and all "since 2012 changes" during the hearings held on August 23, 2012 and/or May 8, 2013 before "HEG." [Mother], through this filing, seeks a second opportunity to litigate an issue already fully litigated and comprehensively decided.

If [Mother] felt there was additional information "HEG" should have considered concerning "since 2012 changes," she could have (1) petitioned to reopen the record before "HEG"; and/or (2) cited the failure of "HEG" to reopen the record as an exception to her report; and/or (3) appealed Judge MacElree's order asserting that she had been denied the opportunity to provide relevant testimony.[3] She took none of these steps. Instead, she attempts this end run which if granted would make a mockery of how these matters are heard. Finality is a desirable goal in any endeavor, and especially so in the law.

> [3] "HEG's" report makes clear there was no such denial.

Trial Court Opinion, 6/9/14, at 2-3 (emphasis in original) (certain footnotes omitted) (internal citations omitted).

Mother presents the following issues for our review:

1. Did the trial court abuse its discretion by not giving [Mother] a fair and impartial hearing and only allowing a brief non-evidentiary settlement conference regarding her Petition to Modify which was time stamped May 9, 2013, but not part of the docket entries or the order of December 2013, as it was being held for a hearing until after the order of December 2013 per Domestic Relations.

2. Did the trial court abuse its discretion by misrepresenting statements and actions of [Mother], including, but not limited to what she could and could not file per Domestic Relations, and treating her unfairly as a Pro Se party because she can not afford an attorney and is not eligible to have Legal Aid of any type?

3. Did the trial court abuse its discretion by conducting ex-parte meetings, communications and accepting documents with opposing counsel without [Mother] being present or pre-notified or copied on the documents presented by opposing Counsel?

4. Did the trial court abuse its discretion not considering [Father's] total income for 2013 forward, including but not limited to, income from all sources as this documentation was not provided to [Mother] until 2014 after the order was entered, with the exception in October 2013 of a $75,000 bonus, which was to be considered at the next hearing along with the Motion from May 9, 2013 per Domestic Relations?

5. Did the trial court abuse its discretion by dismissing [Mother's] filed Request for Production of Documents , as the documents requested supported a significant change in circumstances with [Father's] substantial additional income available for child support?

6. Did the trial court abuse its discretion by not transferring the case to the Honorable James P. MacElree, II since the Honorable Thomas G. Gavin states in his order that he can not modify another Judge's order, as [Mother] has no control over which Judge Domestic Relations assigns to the case - this would never allow for any modifications unless it was before the original Judge?

Mother's Brief at 4 (footnotes omitted).

When reviewing a support order, our standard of review is well settled:

This Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court

- 6 -

overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused.

***Mackay v. Mackay***, 984 A.2d 529, 533 (Pa. Super. 2009) (quoting ***Samii v. Samii***, 847 A.2d 691, 694 (Pa. Super. 2004)). In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests. ***Sirio v. Sirio***, 951 A.2d 1188, 1192-1193 (Pa. Super. 2008).

In her issues number one and number two, Mother argues that the trial court erred in failing to permit her to relitigate aspects of Father's income relating to 2012 and 2013. Essentially, Mother argues that she was not permitted to have a hearing to present evidence and documentation pertaining to Father's income that she did not possess at the hearing held on May 8, 2013.

When a party petitions for modification of an existing support order, he must "specifically aver the material and substantial change in circumstances upon which the petition is based." Pa.R.C.P. 1910.19(a). "[T]he determination of whether such a change occurred in the circumstances of the moving party rests within the trial court's discretion." ***Plunkard v. McConnell***, 962 A.2d 1227, 1229 (Pa. Super. 2008). However, a party may not use a modification petition as a substitute for an appeal by attempting to relitigate matters adjudicated by the support order. ***Florian v. Florian***, 689 A.2d 968, 971-972 (Pa. Super. 1997). ***See Boullianne v. Russo***, 819 A.2d

577, 580 (Pa. Super. 2003) (explaining that a petition to modify an order of support cannot be a substitute for an appeal); **Beegle v. Beegle**, 652 A.2d 376, 378 (Pa. Super. 1994) (stating that "[a]llegations of error in the factual findings of a lower court are properly addressed by filing exceptions and an appeal to this Court, not by filing a petition to modify in the same court that rendered the order.").

Mother cannot obtain review of the trial court's decision pertaining to Father's income and appropriate support for the years which were addressed in the final order dated January 23, 2014, by challenging the determination in a petition for modification in lieu of an appeal. Because Mother did not pursue a timely appeal of the trial court's determination of Father's income for the years in question and relevant support obligation, she may not do so now. Thus, Mother is not entitled to relief on these issues.

In her third issue, Mother argues that the trial court abused its discretion in conducting *ex parte* meetings and communication with Father's counsel. However, Mother offers no evidence of record that such meetings or communication occurred. Accordingly, we conclude that this claim lacks merit.

In her fourth and fifth issues, Mother again argues that the trial court should have revisited Father's child support obligation for the year 2013. Mother contends that she subsequently became aware of additional income

earned by Father in 2013, and that she should have been permitted to present this information to the trial court.

As we previously stated, a party may not use a modification petition as a substitute for an appeal by attempting to relitigate matters adjudicated by a support order. *Florian*, 689 A.2d at 971-972. Moreover, as previously mentioned, the trial court stated the following approaches, which were available to Mother:

> If [Mother] felt there was additional information "HEG" should have considered concerning "since 2012 changes," she could have (1) petitioned to reopen the record before "HEG"; and/or (2) cited the failure of "HEG" to reopen the record as an exception to her report; and/or (3) appealed Judge MacElree's order asserting that she had been denied the opportunity to provide relevant testimony.

Trial Court Opinion, 6/9/14, at 3 (footnote omitted).

Here, after the hearings were completed and BEFORE either Hearing Officer Good filed her report and recommendation or the trial court entered a final order addressing Father's income for multiple years (including the year 2013) and determined his support obligation, Mother filed the petition for modification. Rather, Mother should have waited to file timely exceptions and an appeal from the final order, and not a preemptory petition for modification of support. Thus, Mother failed to avail herself of the opportunity to timely challenge the trial court's final determination. Therefore, we cannot conclude that the trial court abused its discretion in refusing to relitigate the matter addressed in its final order of January 23,

2014. Consequently, Mother may not challenge the validity of the January 23, 2014 order in her current appeal. Mother is not entitled to relief on these issues.

In her last issue, Mother AGAIN argues that the trial court erred and abused its discretion in refusing to relitigate the determination of child support in the January 2014 final order. In this issue, Mother revisits her arguments previously raised and adds an additional assertion that the trial court erred in concluding that the "law of the case" doctrine applied.

As we previously stated, "[t]his Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground." **Mackay**, 984 A.2d at 533. Likewise, a party may not use a modification petition as a substitute for an appeal by attempting to relitigate matters adjudicated by the support order. **Florian**, 689 A.2d at 971-972.

Here, regardless of whether the trial court was correct that "law of the case" doctrine is applicable, the fact remains that Mother failed to challenge the support order in question in a timely appeal. Accordingly, we are constrained to conclude that the trial court did not err or abuse its discretion in refusing to relitigate the matters addressed in the final order of January 23, 2014. Hence, Mother's claim lacks merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/24/2015</u>