J-S80040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.D.H., JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| M.H. | : | |
| | : | |
| Appellant | : | No. 1245 MDA 2016 |

Appeal from the Order Entered July 1, 2016
in the Court of Common Pleas of York County
Civil Division at No(s):  2055-FC-001269-03

BEFORE:  LAZARUS, J., STABILE, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                    **FILED JANUARY 03, 2017**

Appellant, M.H. ("Mother"), appeals, *pro se*, from the order dated June 28, 2016, and entered on July 1, 2016, in the Court of Common Pleas of York County, dismissing Mother's petition to modify custody of her younger daughter, M.F.H.,[1] and making the interim order dated May 12, 2016, and entered May 13, 2016, a final order.  After review, we affirm.

The trial court summarized the relevant procedural and factual history, in part, as follows:

> The parties were before this Court for a custody trial on March 3, 2016.  On March 21, 2016, this [c]ourt entered an Opinion and Order directing Father to have sole legal custody and primary physical custody with Mother having rights of partial physical custody.  On April 1, 2016, Defendant, Mother, filed a

---

[1] While Mother and J.D.H., Jr. ("Father") have an older daughter, as well, the order in question only involves their younger daughter.

Petition to Modify Custody. A conciliation conference was held on May 5, 2016, and on May 12, 2016, an Interim Order for Custody, Pending Trial was entered, which in essence reaffirmed the March 21, 2016[ ] Order with changes as agreed upon by the parties. A Custody Pretrial was held on July 1, 2016,[2] in which this [c]ourt found there was no substantial change in circumstances since the entry of the prior March 21, 2016[ ] Order so as to require reconsideration of the custody issue. Therefore, this [c]ourt issued an Order directing the Interim Order for Custody, Pending Trial dated May 12, 2016, be the final order for custody.

Trial Court Opinion, 7/27/2016, at 1-2.

On July 22, 2016, Mother, *pro se*, filed a timely notice of appeal, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). On appeal, Mother essentially avers that the trial court's order of March 21, 2016, was based upon false information.[3, 4]

Mother's Brief at 1 (unpaginated).

Our standard of review with regard to a custody matter is well-settled:

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record,

_____

[2] Upon review of the record, while the order entered subsequent to the pre-trial conference was entered on July 1, 2016, the conference was held on June 28, 2016.

[3] Although Mother's brief may not be in conformity with Pennsylvania Rules of Appellate Procedure 2111, *et seq.*, as we find the gist of Mother's argument comprehensible, and as Father failed to even file a responsive brief, we decline to dismiss Mother's appeal.

[4] Mother, in fact, requests this Court review the custody matter going back to August of 2014. Mother's Brief at 1 (unpaginated).

as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*V.B. v. J.E.B.*, 55 A.3d 1193, 1197 (Pa. Super. 2012) (citations omitted).

"When a trial court orders a form of custody, the best interest of the child is paramount." *S.W.D. v. S.A.R.*, 96 A.3d 396 (Pa. Super. 2014) (citation omitted). The factors to be considered by a court when awarding custody are set forth at 23 Pa.C.S. § 5328(a).

*E.R. v. J.N.B.*, 129 A.3d 521, 527 (Pa. Super. 2015).

Section 5328(a) provides as follows:

**(a) Factors.**—In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

- 3 -

(2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another.  A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S. § 5328(a).

This Court has further explained as follows:

When deciding a petition to modify custody, a court must conduct a thorough analysis of the best interests of the child based on the relevant Section 5328(a) factors. *E.D. v. M.P.*, 33 A.3d 73, 80 (Pa. Super. 2011). "**All** of the factors listed in section 5328(a) are required to be considered by the trial court when entering a custody order." *J.R.M. v. J.E.A.*, 33 A.3d 647, 652 (Pa. Super. 2011) (emphasis in original). . . . The record must be clear on appeal that the trial court considered all the factors. [*E.D., supra* at 81.]

*A.V. v. S.T.*, 87 A.3d 818, 822-23 (Pa. Super. 2014).[5]

In March 2016, a trial was held to resolve this custody dispute. On March 21, 2016, at the conclusion of the trial and after meeting with the child, the trial court issued a detailed opinion setting forth its best interest analysis. *See* Trial Court Opinion, 3/21/16, at 2-9. The July 1, 2016 order incorporates the March 21, 2016, order with the exception of two agreed upon amendments, thus Mother purports to challenge the court's initial

_____

[5] We have clarified that the Section 5328(a) factors are not required to be addressed where the modification does not impact the form of or type of custody, such as where the court is dealing with a discrete and ancillary issue. *See S.W.D. v. S.A.R.*, 96 A.3d 396, 401-03 (Pa. Super. 2014); *M.O. v. J.T.R.*, 85 A.3d 1058, 1062-64 (Pa. Super. 2014)

custody order. However, we have held in the context of an order for support that "a petition to modify . . . cannot be a substitute for a notice of appeal" or "an attempt to relitigate matters adjudicated in the existing . . . order." *Florian v. Florian*, 689 A.2d 968, 971-72 (Pa. Super. 1997) (citing *Crawford v. Crawford*, 633 A.2d 155, 164 (Pa. Super. 1993)); *see also Boullianne v. Russo*, 819 A.2d 577, 580 (Pa. Super. 2003); *Koller v. Koller*, 481 A.2d 1218, 1220 (Pa. Super. 1984); *Dunbar v. Dunbar*, 435 A.2d 879, 881 (Pa. Super. 1981).

Here, it appears that the trial court found analogously that Mother was using the instant petition to modify as a means to dispute its March 21, 2016 order. The court stated, "Defendant stated the information, testimony and evidence submitted to the [c]ourt during the custody trial was false. . . . This [c]ourt found Defendant was seeking modification of the custody Order as a means to refute and relitigate what was presented at the custody trial." Trial Court Opinion, 7/27/16, at 2-3 (citation to Notes of Testimony omitted).[6] With this, we agree. Mother's sole challenge to the custody order is that the evidence presented in the March 2016 trial was false. However, as Mother is challenging the credibility findings of the trial court, her claims are without merit. *See V. B. v. J.E.B.*, 55 A.3d at 1197 ("with regard to

---

[6] We note that the Notes of Testimony for the June 28, 2016 pre-trial conference were not included as part of the certified record.

issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand".)

Mother utilized the instant petition to modify custody, filed less than two weeks later, as a means to challenge the March 21, 2016 order. This is not permissible. *Florian*, 689 A.2d at 971-72. Mother failed to avail herself of her right to appeal the order of March 21, 2016, and instead employed the petition to modify, in essence, as a substitute for an appeal of that order. Accordingly, we affirm the order of the trial court, dismissing Mother's petition to modify and further making the interim order dated May 12, 2016, and entered May 13, 2016, a final order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/3/2017</u>