J-A23018-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| S.B. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| S.S. | : | |
| | : | |
| Appellant | : | No. 273 WDA 2018 |

Appeal from the Order Entered January 22, 2018
In the Court of Common Pleas of Allegheny County Family Court at
No(s):  FD-15-008183


BEFORE:  BOWES, J., SHOGAN, J., and STABILE, J.

MEMORANDUM BY SHOGAN, J.:                           FILED JANUARY 18, 2019

Mother, S.S., purports to appeal from the order filed on January 22, 2018, which addressed the petition for contempt filed by Father, S.B., in this support matter pertaining to the parties' son ("Child"), who was adopted by Father and his late wife in 2007.  We quash.

The trial court set forth the history of this case as follows:

Father and Mother are married and have one Child.  In December of 2016, after a contentious, 23-day custody trial, [the trial court] awarded sole physical and legal custody of the Child to Father.  See orders entered on December 12 and 14, 2016.  Mother appealed, and [the] order was affirmed by the Superior Court.  Mother filed for allowance of appeal in the Pennsylvania Supreme Court, which was denied.

On March 16, 2017, the parties were before this [c]ourt for a status conference to discuss the implementation of an "aftercare plan" to restore Mother's custodial rights.  After the conclusion of the status conference [the trial court] appointed Mark Gubinsky, Esquire as the Aftercare Professional in this case and ordered the parties to cooperate with Mr. Gubinsky and the aftercare plan with

a goal towards restoring [Mother's] custodial rights. [The trial court] ordered that the fees for the Aftercare Professional be shared equally by the parties. The appointment of an Aftercare Professional was part of the original custody order by this court, entered on December 14, 2016. Mother appealed this order.[1] Mother failed to comply with the order to work with the Aftercare Professional.

[1] The order for appointment of the aftercare professional was affirmed by Superior Court. See appeal at 74 WDA 2017.

Father filed a claim for child support against Mother. Hearing Officer Chester Beattie presided over the support matter. On September 7, 2017, Hearing Officer Beattie issued a summary and recommendation for Mother to pay $3,273.70 per month for the support of the Child, which subsequently became a final order of court.

Mother did not file exceptions to the recommendation of the hearing officer. Mother did not file an appeal of the final order of court. Mother has also paid NO child support and is now in arrears for more than $30,000.[2] A Petition for Contempt was filed on November 17, 2017.

[2] At the January 18 hearing, Mother stated that she made three (3) payments of $1,500 each, which were returned. Mother made out the checks in the name of the child, which is contrary to the instructions provided to her which state that all checks should be made payable to PA. SCDU. It should be noted, that none of these checks was for the court-ordered amount of $3,273.70. Accordingly, [the trial court] found that Mother's conduct was both obdurate and vexatious. Mother is a highly educated, intelligent woman who can certainly follow simple instructions as to whom the checks for child support should be made payable.

On January 18, 2018[,] Father presented a Petition for Contempt and Special Relief. On the same date, Mother presented an Answer (to Father's Petition), a New Matter, and a Motion for Recusal. In the New Matter, Mother asked [the trial court] to

vacate the order for support and to deem Rule 1910.12 unconstitutional.

Trial Court Opinion, 4/30/18, at 3-4. This appeal followed the entry of an order addressing the contempt petition. Both Mother and the trial court have complied with Pa.R.A.P. 1925.

Mother presents the following issues for our review:

1) Did the trial court legally err and abuse its discretion in denying [Mother's] New Matter seeking dismissal of the Order for Child Support because the September 7, 2017, purported order upon which it is premised is void and invalid as it was not properly signed and entered by the court; instead it was rubber-stamped [with the judge's name] by someone other than Judge Clark, in violation of the Pennsylvania Rules of Civil Procedure?

2) Did the trial court legally err and abuse its discretion in denying [Mother's] New Matter, seeking to declare Pennsylvania Rules of Civil Procedure 1910.12 and 1910.25 unconstitutional, where these provisions allow the Domestic Relations Section to function as prosecutor, factfinder, and adjudicator, creating the appearance of and allowing for potential bias by permitting the impermissible commingling of prosecutorial and adjudicatory functions within the Domestic Relations Section to investigate alleged support arrears and violations and thus creating a fatal defect under the Pennsylvania Constitution?

Mother's Brief at 3.

Before we review the issues presented by Mother, we must address the timeliness of this appeal, as it appears that Mother's issues on appeal actually concern the underlying support order dated September 7, 2017, and are essentially an appeal from that order beyond the time period permitted by law. Because the timeliness of an appeal implicates our jurisdiction, we cannot address the merits of Mother's issues before determining whether such an

- 3 -

appeal was timely filed.  Krankowski v. O'Neil, 928 A.2d 284, 285 (Pa. Super. 2007).

It is undisputed that a notice of appeal must be filed within thirty days of the disputed order.  Pa.R.A.P. 903(a).  Regarding late attempts to challenge a support order, we have held that a party may not use a modification petition as a substitute for an appeal by attempting to relitigate matters adjudicated by the support order.  Florian v. Florian, 689 A.2d 968, 971-972 (Pa. Super. 1997).  See Boullianne v. Russo, 819 A.2d 577, 580 (Pa. Super. 2003) (explaining that a petition to modify an order of support cannot be a substitute for an appeal).  Likewise, a party may not use an appeal from the disposition of a contempt petition as a substitute for an appeal from the underlying support order to relitigate matters pertaining to the support.  Therefore, in order to challenge a support order, the party must take a timely appeal from the order.

Our review of the certified record reflects that Father filed a claim for child support and the matter was referred to a hearing officer.  The hearing officer issued a summary and recommendation for Mother to pay child support to Father.  The recommendation was reduced to an order dated September 7, 2017. Order, 9/7/17, at 1.  Pursuant to Pa.R.A.P. 1910.12(f), Mother had twenty days in which to file exceptions to the order.  It is undisputed that Mother did not file exceptions.  Accordingly, pursuant to Pa.R.C.P. 1910.12(g), the order dated September 7, 2017, became final on September 27, 2017.  Consequently,

Mother had until October 27, 2017, to file a timely appeal from the order dated September 7, 2017. Again, it is undisputed that Mother did not file an appeal from that order.

Subsequently, on November 21, 2017, the Allegheny County Domestic Relations Office brought a petition for contempt against Mother due to her failure to pay child support as directed by the September 7, 2017 order. Petition for Contempt, 11/21/17, at 1. Also, Father filed a Petition for Contempt and Special Relief on December 1, 2017. On January 22, 2018, the trial court entered an order addressing the contempt petitions. On February 16, 2018, Mother filed this appeal from the January 22, 2018 order. Notwithstanding the fact that the appeal period for the order dated September 7, 2017, expired on October 27, 2017, Mother filed with the trial court a response on March 7, 2018, in which she challenged the validity of the support order dated September 7, 2017, and the constitutional authority of the Allegheny County Domestic Relations Office to handle such matters. Exceptions to Hearing Officer's Recommendations, 3/7/18, at 1-11.

Pa.R.A.P. 903(a) requires a notice of appeal to be filed within thirty days after the order dated September 7, 2017, became final. Because Mother did not pursue a timely appeal from the trial court's support order dated September 7, 2017, she may not do so now. Therefore, this Court is without jurisdiction to hear the issues because they relate to the support order dated September 7,

2017, which Mother failed to challenge or appeal. Hence, we are constrained to quash Mother's appeal because it pertains to the order dated September 7, 2017.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/18/2019