J-A17008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MIRIAM A. JOHNSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALBERT D. JOHNSON, JR., | : | No. 2311 EDA 2018 |

Appeal from the Order Entered July 3, 2018
In the Court of Common Pleas of Chester County
Domestic Relations at No(s): 01178N2017

BEFORE:  PANELLA, P.J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:  **FILED NOVEMBER 07, 2019**

Miriam A. Johnson, Mother, appeals from the trial court order sustaining the preliminary objections of Albert D. Johnson, Jr., Father, and dismissing her complaint. Father and Mother are natural parents of their adult daughter, Jessica who, because of mental illness, continued to receive court ordered support from Father after reaching the age of majority. The trial court issued an order terminating support at Docket No. 0582 N 1997, on July 6, 2017, which Mother did not appeal.[1] In that order, the trial court concluded "[Mother] has failed to prove that Jessica Gardner is unable to support herself, and has thus failed to rebut the presumption of emancipation that arises as a

_____

[1] Father later filed a petition for special relief seeking repayment for a credit of overpaid support payments.  The trial court denied his petition.  Father's appeal of the denial is docketed at No. 3315 EDA 2018.

consequence of her reaching majority." Order, Case No. 0582 N 1997, 7/06/17, at 17.

On August 31, 2017, Mother filed the instant action—a complaint for support of Jessica. Father filed preliminary objections, which the trial court sustained, concluding that it lacked jurisdiction to hear an action for support of an emancipated adult. Mother appealed the dismissal, arguing that Jessica is not an emancipated adult, and the court erred in denying her the opportunity to present evidence to that extent. We affirm.

Mother raises three issues on appeal.

   I.   [Whether] the trial court err[ed] in finding Jessica emancipated?

   II.   [Whether] the trial court err[ed in] granting the preliminary objection regarding Jessica's standing since she is an un[-]emancipated adult[?]

   III.   [Whether] the trial court err[ed in] not permitting [Mother] to present any new evidence as to Jessica's un-emancipated status?

Mother's Brief, at 6 (unnecessary capitalization omitted).

> Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

*Perelman v. Perelman*, 125 A.3d 1259, 1263 (Pa. Super. 2015) (citation omitted).

Mother first argues that the trial court erred in finding that Jessica is an emancipated adult. *See* Mother's Brief, at 10 ("Did the Trial Court Err in

Finding Jessica is Emancipated?"). On July 6, 2017, the trial court issued an order terminating support, which adjudicated Jessica an emancipated adult, and which Mother did not appeal. Although Mother filed the instant complaint for support as a new case, the trial court is bound by the prior adjudication. *See Florian v. Florian*, 689 A.2d 968, 971-972 (Pa. Super. 1997) ("a party may not attempt to relitigate matters adjudicated in the existing support order"). Therefore, Mother's present attempt to challenge the adjudication of emancipation does not merit relief.

In her second issue, Mother challenges the trial court's ruling that she lacked standing to sue for support on behalf of Jessica. *See Mother's Brief* at 6, 11. However, we note that Mother's brief fails to address standing, and instead claims that she should have been permitted to present evidence of Jessica's health and work history with respect to the claim for support. *See id.* at 11. This presents a substantial defect, which forecloses our ability to review her claim. *See* Pa.R.A.P. 2119(a) (requiring that each question to be argued be supported by discussion and citation of pertinent authority); *see also* Pa.R.A.P. 2101 ("if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."). Accordingly, we find Mother's second issue waived for failure to develop an argument.

In her third issue, Mother claims that the trial court erred by not permitting her to present evidence in support of her argument that Jessica is an un-emancipated adult. *See* Mother's Brief, at 12-13. Mother failed to raise

- 3 -

this issue in her concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Consequently, it is waived. *See **Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived").

Even if Mother had preserved this issue, we agree with the trial court that Pennsylvania law does not allow the issue of Jessica's emancipation to be subject to future review. Generally, a parent's duty to support a child terminates when the child reaches eighteen years of age or graduates high school, whichever is later. *See **Style v. Shaub***, 955 A.2d 403, 408 (Pa. Super. 2008). Therefore, there is a presumption that the parent's duty of support ends when the child becomes an adult. ***See id***. This presumption is rebuttable if it can be shown the child was disabled at the time she became an adult and the disability prevents her from supporting herself. ***See id***., at 409. However, the presumption is *not* rebuttable when the child becomes disabled after becoming an adult. ***See id***., at 408.

Here, as the trial court notes, the record establishes that Jessica was disabled at the time she became an adult, and received support for many years pursuant to that finding. In 2017, though, the trial court found that Jessica had not rebutted the presumption that Father was not liable for her support. She was therefore emancipated, and found to be an adult for purposes of support.

Mother did not appeal the finding of emancipation. As a result, the conclusion that Jessica became an emancipated adult is unreviewable. ***See***

***Florian***, 689 A.2d at 972. Further, any future changes in her ability to support herself are now irrelevant; the presumption that Father does not owe her a duty of support is now irrebuttable.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/19