Susan KRANKOWSKI, Appellee

v.

Timothy J. O'NEIL, Appellant

Susan Krankowski, Appellant

v.

Timothy J. O'Neil, Appellee.

Superior Court of Pennsylvania.

Submitted April 16, 2007.

Filed June 12, 2007.

James L. Best, Sunbury, for O'Neil.

Susan Krankowski, pro se.

BEFORE: HUDOCK, KELLY and JOHNSON, JJ.

OPINION BY KELLY, J.:

¶ 1 Timothy J. O'Neill (Father) appeals and Susan Krankowski (Mother) cross-appeals the order entered in the Northumberland County Court of Common Pleas directing Father to pay Mother $1,387.00 per month for child support. The primary question in this matter is whether the living quarter and post allowances, paid by the military to its civilian employees, should be included as net income for child support calculations. Concluding that such payments are properly considered net income, we affirm.

¶ 2 Father and Mother are the parents of an autistic and mentally retarded child, K.O., who was born on April 12, 1996.[1] Mother is an unlicensed attorney[2] who has been unemployed since 1995, while Father is a civilian employee of the United States Department of Defense, currently stationed in Germany.[3] Mother has primary physical custody of K.O., who currently attends a special-needs school. On August 26, 2005, Mother filed a petition to modify the existing support order. After two hearings, the trial court ordered Father to pay Mother $1,387.00 per month in child support, based upon its assignment of $7,595.92 monthly net income to Father and $0.00 net income to Mother. The court's calculation of Father's net income included his "living quarter allowance" and "post allowance" from the federal govern-

ment. The court entered the order on August 24, 2006.[4] Father filed his notice of appeal on September 25, 2006, and Mother filed her cross-appeal on October 10, 2006.

¶ 3 Initially, we must determine whether we have jurisdiction to entertain either appeal. A notice of appeal must be filed within thirty days of the disputed order, and cross appeals must be filed within fourteen days of the date the first notice of appeal was filed. Pa.R.A.P. 903(a), (b). Because the timeliness of an appeal implicates our jurisdiction, we cannot address the merits of an appeal or cross-appeal before determining whether it was timely. See In re Adoption of W.R., 823 A.2d 1013, 1015 (Pa.Super.2003).

¶ 4 Instantly, Father's notice of appeal was filed September 25, 2006, thirty-two days after the August 24th order, making it facially untimely. However, September 23, 2006, the thirtieth day, fell on a Saturday, thus extending his deadline to September 25th. See 1 Pa.C.S.A. § 1908 (extending deadline to first non-holiday weekday if final date falls on weekend or holiday). Accordingly, Father's appeal is properly before us. Similarly, although Mother's October 10th cross-appeal was filed fifteen days after Father's notice of appeal, the fourteenth day, October 9, 2006, was Columbus Day. We therefore have jurisdiction to address both appeals on their merits.

¶ 5 Father first argues that his living quarter and post allowances should not

---

1. Father and Mother were never married.

2. Mother had a law license from Colorado, but allowed it to lapse.

3. Father retired from the Air Force several years ago.

4. We note with displeasure that a full trial court docket was not included in the certified record.

have been included in his net income calculations, asserting that these allowances are not at his disposal, but rather serve only to compensate him for being assigned to "an expensive venue." (Father's Brief at 11). He adds that, because he is a civilian public servant, caselaw establishing that military housing allowances qualify as net income are not applicable to him. He asserts that the support order essentially "punished" him for "tak[ing] a public service job in a costly foreign locale." (*Id.*). We disagree.

In our appellate review of child support matters, we use an abuse of discretion standard. A support order will not be disturbed on appeal unless the trial court failed to consider properly the requirements of the Rules of Civil Procedure Governing Actions for Support, Pa. R.C.P.1910.1 *et seq.*, or abused its discretion in applying these Rules. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will ... discretion is abused. This is a limited role and, absent a clear abuse of discretion, the appellate court will defer to the order of the trial court. A finding of abuse is not lightly made but only upon a showing of clear and convincing evidence.

*Berry v. Berry*, 898 A.2d 1100, 1103 (Pa.Super.2006) (quoting *Christianson v. Ely*, 575 Pa. 647, 838 A.2d 630, 634 (2003)), *appeal denied*, 591 Pa. 694, 918 A.2d 741 (Pa.2007).

¶ 6 Instantly, we find this Court's decision in *Alexander v. Armstrong*, 415 Pa.Super. 263, 609 A.2d 183 (1992), persuasive, despite Father's attempts to distinguish those facts from his situation. In *Alexander,* this Court addressed a claim by the father, who was stationed in Okinawa, Japan, that his housing and quarters allowances did not constitute income for support calculation purposes:

[R]elevant to our analysis is the fact that the Pennsylvania Child Support Guidelines, Pa.R.Civ.P.1910.16–1 *et seq.*, are based on the concept that the child should receive the same proportion of parental income that he or she would have received if the parents lived together. If [the child] was living with [his father] or [his father's] new family, he would share in the benefit from the allowances [his father] receives from the Navy for housing and utilities. However, because [the child] does not live with [his father] or [his father's family], he does not receive any benefits from them. Accordingly, in keeping with the guidelines, we must include in [the father's] income his [housing and quarters allowances].

*Id.* at 187. Despite Father's concerns, the trial court's inclusion of his allowances for quarters and posting did not "punish" him for his choice of a job, but rather considers that K.O. lives full-time with Mother, and would otherwise not "share in the benefit from the allowances ... for housing and utilities." *See id.* Because Father can point to no inconsistency with the requirements of the Pennsylvania Rules of Civil Procedure governing Actions for Support, we find no abuse of discretion by the trial court.[5]

¶ 7 Father also argues that Mother should not have been assigned a net in-

---

**5.** Father also notes that the allowances are excluded from income for federal tax purposes. The *Alexander* Court specifically determined that such a consideration "is of little weight in the determination of whether [the allowances] should be included as income in calculating child support." *Id.* at 186.

come of $0, because she has a law degree that could easily permit her to find a job. Further, K.O. attends school full-time, thus relieving Mother of the need to stay at home. We are not persuaded.

¶ 8 It is proper for a court to refuse to assign an earning capacity to a parent who chooses to stay at home with a minor child. *See McClain v. McClain,* 872 A.2d 856, 864 (Pa.Super.2005). Moreover, the trial court, as the finder of fact, is entitled to weigh the evidence and assess the credibility of witnesses. *Baehr v. Baehr,* 889 A.2d 1240, 1245 (Pa.Super.2005) (citing *McClain, supra* ).

¶ 9 Instantly, Mother testified that she must be prepared at a moment's notice to address the concerns of K.O.'s teachers because K.O. is mentally retarded and autistic. She also noted that she has not had meaningful employment since 1995, when caring for K.O. forced her to quit practicing as a private attorney. In order to practice here, she would be required to take the bar examination again in Pennsylvania, which she cannot do because of the time required for K.O.'s care. Because of the child's condition, and because Father, who lives in Germany, is unable to provide assistance in any matters involving K.O., we conclude that the record amply supports the trial court's decision.[6]

¶ 10 We turn now to Mother's issues. In addition to opposing Father's issues on appeal, she claims that the trial court failed to factor the sale of Father's home into its calculations, and that the trial court should have deviated from the support guidelines given the circumstances of this case. We disagree. The trial court's opinion carefully examined the factors involved, concluding that a ten percent upward deviation, although high, was justified specifically because of the unique circumstances. (*See* Trial Court Opinion, at 5–7). The court's findings are amply supported by the record; therefore, we find no reason to disturb its order.

¶ 11 Order affirmed.

---

**6.** Father further challenges Mother's claim that she cannot seek meaningful employment because of disabilities due to injury. He observes that Mother provided no documentation for her claim. However, the trial court was entirely within its discretion to believe that Mother had some injuries. *See Baehr, supra.* Moreover, the trial court clearly specified that its decision was based on K.O.'s condition and the necessity of Mother's attending to her care. (*See* Trial Court Opinion, filed 12/6/06, at 4–5).