J-A32009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOHN F. KODENKANDETH, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MARY F. KODENKANDETH, | |
| Appellee | No. 2050 WDA 2014 |

Appeal from the Orders Dated November 19, 2014
In the Court of Common Pleas of Allegheny  County
Family Court at No(s): FD 07-1796-004

BEFORE:  SHOGAN, OTT, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED FEBRUARY 19, 2016**

Appellant, John F. Kodenkandeth ("Husband"), appeals *pro se* from the orders dated November 19, 2014, in this equitable distribution action involving Appellee, Mary F. Kodenkandeth ("Wife").  We quash in part and affirm in part.

We summarize the protracted history of this case as follows.  In 1966, Wife came to the United States from India as a Fulbright Scholar and received a graduate degree in Periodontics from the University of Pittsburgh.  While in Pittsburgh, Wife met Husband.  Wife returned to India in 1970.  In 1971, Husband visited India, and the couple was married in India on July 11, 1971.  The parties eventually returned to the United States.  Due to domestic abuse, Husband and Wife initially separated in November of 2007.

Husband and Wife then permanently separated in April of 2010. Husband filed a complaint in divorce in June of 2010.

With regard to equitable distribution, the trial court held a one-day hearing in December of 2012 and entered an equitable distribution order on January 22, 2013. The final divorce decree was entered on June 11, 2013. Once the divorce decree was entered, Husband and Wife each filed cross-appeals with this Court. On September 5, 2014, a panel of this Court affirmed the trial court's decision relating to the equitable distribution of the marital estate. **Kodenkandeth v. Kodenkandeth**, 1082 WDA 2013, 1092 WDA 2013, 107 A.3d 219 (Pa. Super. filed September 5, 2014) (unpublished memorandum). Neither party sought allowance of appeal with the Pennsylvania Supreme Court.

After this Court rendered its decision on September 5, 2014, both Husband and Wife filed motions in the trial court. Wife filed a motion for clarification of the trial court's affirmed January 22, 2013 equitable distribution order, and Husband filed an answer and motion seeking interest, costs, and sanctions from Wife. The trial court entered multiple orders dated October 8, 2014, which denied relief to the parties. However, one of the trial court's orders did correct a roughly $6,000 mathematical error that it

had previously calculated in relation to Husband's interest in the marital home.[1]

On November 12, 2014, Husband filed with the trial court two notices of presentation, indicating that he would be filing motions with the trial court on November 19, 2014. Then on November 19, 2014, Husband filed a motion seeking reconsideration of the October 8, 2014 order and a motion seeking imposition of a constructive trust on assets allegedly concealed by Wife. In orders dated November 19, 2014, the trial court denied both of Husband's motions. On December 16, 2014, Husband filed the instant *pro*

_____

[1] In the main order dated October 8, 2014, the trial court stated the following:

> This Court noted in its [Pa.R.A.P. 1925(a)] Opinion of September 13, 2013 that there was a mathematical error in the calculation as referenced by this Court in its Opinion, dated September 13, 2013, on page 6. Husband's monetary interest in the marital home is actually $80,054. It is not, as erroneously indicated in paragraph 1 of the January 22, 2013 [order], $86,080. Therefore, with respect to the marital residence, Wife owes Husband $80,054.00.

Order, 10/8/14, at 1 ¶3. Thus, the trial court's mathematical error was $6,026.00. In our previous memorandum affirming the trial court's decree, we acknowledged the trial court's mathematical error and included the following language:

> [2] In affirming the trial court's decree, we recognize the [trial] court's correction of the math error involving the sum of $6,026.

***Kodenkandeth v. Kodenkandeth***, 1082 WDA 2013, 1092 WDA 2013, 107 A.3d 219 (Pa. Super. filed September 5, 2014) (unpublished memorandum at 4 n.2).

*se* appeal challenging the denial of his motion for reconsideration and the denial of his motion seeking a constructive trust. Wife is also *pro se*. Both Husband and the trial court have complied with Pa.R.A.P. 1925.

Husband presents six issues for our review, the first three of which contain multiple subparts. Husband's main issues are as follows:

A. IN THE ORDER DATED NOVEMBER 19, 2014, THE COURT ERRED IN REFUSING TO GRANT INTEREST AND COST TO [HUSBAND] FOR THE FAILURE OF [WIFE] TO PAY INTEREST FROM JANUARY 22, 2013 TO OCTOBER 17, 2014, FOR AMOUNTS THAT WERE DUE TO [HUSBAND] BASED ON THE COURT ORDER OF JANUARY 22, 2013.

B. TRIAL COURT ERRED IN GRANTING WIFE A CREDIT FOR $6026 FOR MARITAL RESIDENCE TOWARDS THE REAL ESTATE COMMISSION AND REAL ESTATE TRANSFER TAX. ON AN **EX PARTE BASIS WITHOUT A HEARING**. FURTHER WIFE PAID NO REAL ESTATE TAX NOR REAL ESTATE COMMISSION FOR THE TRANSFER OF THE HUSBAND'S INTEREST IN THE MARITAL RESIDENCE. ON OR ABOUT OCTOBER 17, 2014. AND THIS RESULTED IN UNJUST ENRICHMENT BY [WIFE] BY $6026 AND ACCRUED INTEREST.

C. TRIAL COURT ERRED, WHEN IT DENIED [HUSBAND'S] PETITION DATED NOVEMBER 19, 2014 TO IMPOSE CONSTRUCTIVE TRUST, FOR THE UNJUST ENRICHMENT BY THE WIFE DUE TO ERRORS OF LAW, ERRORS OF OMISSION, AND ABUSE OF DISCRETION.

D. COURT ERRED BY DENYING [HUSBAND'S] PETITION DATED NOV 19, 2014, TO ALLOW DISCOVERY PURSUANT TO 23 Pa CSA §3305(C) FOR THE CONSTRUCTIVE TRUST A & R.

E. COURT ERRED BY DENYING [HUSBAND'S] PETITION DATED NOV 19, 2014, TO IMPOSE A PRELIMINARY INJUNCTION ON THE WIFE TO PREVENT DISSIPATION OF THE FUNDS THAT BELONG TO THE CONSTRUCTIVE TRUST A & R.

F. TRIAL COURT ERRED, IN CLAIMING IN THE TRIAL COURT OPINION, DATED FEBRUARY 17, 2015, THAT [HUSBAND]

SHOULD HAVE APPEALED THE TRIAL COURT ORDER OF OCTOBER 8, 2014, AND CONCLUDES THAT [HUSBAND'S] MOTION FOR RECONSIDERATION OF NOVEMBER 19, 2014, IS UNTIMELY, AND HENCE [HUSBAND'S] APPEAL FROM THAT ORDER FOR THE MOTION FOR RECONSIDERATION SHOULD BE QUASHED.

Appellant's Brief at 4-8 (verbatim).

Before we review the issues presented by Husband, we must address the timeliness of a portion of this appeal, as it appears that Husband filed his notice of appeal concerning the orders dated October 8, 2014, beyond the time period permitted by law. Specifically, Husband's issues A and B pertain to the order of the trial court dated October 8, 2014. In issue F, Husband lambasts the trial court for concluding that an appeal from the trial court's orders dated October 8, 2014, is untimely. Because the timeliness of an appeal implicates our jurisdiction, we cannot address the merits of these issues raised by Husband before determining whether such an appeal was timely filed. *Krankowski v. O'Neil*, 928 A.2d 284, 285 (Pa. Super. 2007).

It is undisputed that a notice of appeal must be filed within thirty days of the disputed order. Pa.R.A.P. 903(a). In addition, Pa.R.A.P. 1701 addresses the effect that an application for reconsideration has on the appeal process. This rule tolls the time for taking an appeal only when the court files "an order expressly granting reconsideration . . . within the time prescribed by these rules for the filing of a notice of appeal." *Schoff v. Richter*, 562 A.2d 912, 913 (Pa. Super. 1989) (citing Pa.R.A.P. 1701).

> Phrased differently the trial court is permitted to grant reconsideration only if such action is taken during the applicable appeal period. An order granting reconsideration will only be effective if it is made and entered on the docket before expiration of the applicable appeal period, 30 days from the entry of the order which is the subject of the reconsideration motion, and if it states that it is *expressly granting reconsideration*. It should be emphasized that the Rule requires reconsideration to be expressly granted. It is insufficient for the trial court to merely set a hearing date on the reconsideration motion or issue a Rule to Show Cause. Failure to "expressly" grant reconsideration within the time set by the rules for filing an appeal will cause the trial court to lose its power to act on the application for reconsideration. **See**: Note following Pa.R.A.P. 1701.

*Id*. (emphasis original). **See also Cheathem v. Temple University Hospital**, 743 A.2d 518, 519-520 (Pa. Super. 1999) (holding that a trial court's order granting reconsideration must state expressly that reconsideration is granted and entry of a hearing date on the motion is inadequate to satisfy the mandate of the Rules).

> Therefore, as the comment to Pa.R.A.P. 1701 explains, although a party may petition the court for reconsideration, the simultaneous filing of a notice of appeal is necessary to preserve appellate rights in the event that either the trial court fails to grant the petition expressly within 30 days, or it denies the petition.

**Valley Forge Ctr. Assocs. v. Rib-It/K.P., Inc.**, 693 A.2d 242, 245 (Pa. Super. 1999).

Our review of the certified record reflects that in September of 2014, Wife filed a motion for clarification of the trial court's order of January 22, 2013. On September 24, 2014, Husband filed an answer to Wife's motion for clarification and included therein a petition for costs. In an order dated

October 8, 2014, and entered upon the docket on October 10, 2014, the trial court disposed of both Wife's and Husband's requests. Thus, assuming for the sake of argument that the appeal period did not begin until the October 8, 2014 order was docketed on October 10, 2014, Husband had until November 10, 2014, to file a timely appeal from that order or a timely motion for reconsideration.[2]

Notwithstanding the fact that the appeal period expired November 10, 2014, on November 12, 2014, Husband filed with the trial court a notice of presentation indicating that on November 19, 2014, Husband would be filing a motion for reconsideration with the trial court titled, "[Husband's] Motion for reconsideration of the order of October 8, 2014." Husband's untimely motion for reconsideration did not toll the appeal period, which expired on November 10, 2014. *Cheathem*, *Valley Forge Ctr. Assocs*. Moreover, the trial court did not enter an order "expressly granting" Husband's motion for reconsideration within the appeal period. Although the trial court accepted Husband's motion for reconsideration for filing and ultimately denied it in an order dated November 19, 2014, the trial court failed to "expressly grant" Husband's motion for reconsideration within the thirty-day appeal period.

---

[2] We note that Husband needed to file his appeal by Monday, November 10, 2014, because November 9, 2014, was a Sunday. *See* 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation). *See also* Pa.R.A.P. 107; Pa.R.A.P. 903, note.

Husband then filed this appeal on December 16, 2014, thirty-six days after the time for filing a timely appeal had elapsed.

Accordingly, because the trial court did not enter a timely order expressly granting Husband's motion for reconsideration, the thirty-day appeal period was not tolled. Rule 903(a), requiring the notice of appeal to be filed within thirty days of the order dated October 8, 2014, and entered on the docket on October 10, 2014, remained in effect. Therefore, this Court is without jurisdiction to hear the untimely portion of this appeal related to Husband's challenge to the underlying order dated October 8, 2014. Hence, we are constrained to quash the portion of Husband's appeal pertaining to the order dated October 8, 2014, and docketed on October 10, 2014.[3]

_____

[3] In an effort to avoid the untimely nature of his appeal from the trial court's order dated October 8, 2014, Husband has alleged that the order was actually docketed on October 22, 2014, and he references an item with the docket number of 184. Appellant's Brief at 9, 10, 36, 37. We have thoroughly reviewed the certified record before us, and we observe that item number 184 in the record is **not** an order docketed on October 22, 2014. In actuality, item number 184 is Wife's unrelated *pro se* "Answer to [Husband's] Petition to Unfreeze Kodenkandeth Foundation And Liquidate [Wife's] interest in the Kodenkandeth Trust" that was docketed on December 4, 2014.

Furthermore, our review has revealed that the only item docketed in the certified record on October 22, 2014, is a copy of Wife's "Motion For Clarification of Hon. Judge Hens Greco's Order of Jan. 22, 2013," which had been presented to the trial court in September of 2014, and it bears the docket number 176. However, we observe that appended to Wife's motion at docket number 176 is a proposed order prepared by Wife. Notably, the trial judge crossed out the language of Wife's proposed order and hand wrote the words: "Denied. See order of October 8th 2014." Therefore, even

*(Footnote Continued Next Page)*

In his issues C, D, and E, Husband argues that the trial court erred with regard to his request for the imposition of a constructive trust. Husband contends that the trial court erred in failing to create a constructive trust on assets that he alleges unjustly enriched Wife and he believes that discovery should have ensued. Further, Husband claims that the trial court should have granted an injunction to prevent Wife from allegedly dissipating marital assets that belong in the constructive trust.

Section 3505 of the Divorce Code presents proper procedures to prevent parties from disposing, removing, encumbering, or alienating property to defeat equitable distribution. 23 Pa.C.S. § 3505. Specifically, section 3505(d) addresses the imposition of constructive trusts for a party's failure to disclose assets and provides as follows:

> If a party fails to disclose information required by general rule of the Supreme Court and in consequence thereof an asset or assets with a fair market value of $1,000 or more is omitted from the final distribution of property, the party aggrieved by the nondisclosure may **at any time** petition the court granting the award to declare the creation of a constructive trust as to all undisclosed assets for the benefit of the parties and their minor or dependent children, if any. The party in whose name the

*(Footnote Continued)* _____

assuming for the sake of argument that the October 8, 2014 order was not final until this document at docket number 176 was docketed on October 22, 2014, we still conclude that Husband's appeal challenging the content of the October 8, 2014 order was untimely because Husband should have filed his notice of appeal on or before November 21, 2014. As stated above, Husband did not file his appeal until December 16, 2014. In addition, Husband's motion for reconsideration, which the trial court denied, did not toll the appeal period. Thus, Husband's efforts to extend the appeal period do not provide him relief.

assets are held shall be declared the constructive trustee unless the court designates a different trustee, and the trust may include any terms and conditions the court may determine. The court shall grant the petition upon a finding of a failure to disclose the assets as required by general rule of the Supreme Court.

23 Pa.C.S. § 3505(d) (emphasis added).

We have reviewed the briefs of the parties, the relevant law, the certified record before us and the opinion of the trial court dated February 17, 2015. We conclude that the trial court's opinion adequately addresses Husband's issues concerning the trial court's refusal to impose a constructive trust in this matter. Accordingly, we adopt the trial court's opinion as our own and affirm the November 19, 2014 order that denied Husband's petition for a constructive trust on its basis.[4]

Appeal quashed in part. Order of November 19, 2014 affirmed. Jurisdiction relinquished.

---

[4] The parties are directed to attach a copy of that opinion in the event of further proceedings in this matter.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/19/2016