J-S29004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| 301 MARKET STREET, LLC., GENERAL PARTNER FOR AND ON BEHALF OF 301 MARKET STREET PARTNERS, LP | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JONATHAN WHEELER, ESQUIRE AND LAW OFFICES OF JONATHAN WHEELER, P.C. | |
| Appellee | No. 2658 EDA 2016 |

Appeal from the Judgment Entered July 19, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 01818 December Term, 2013

BEFORE:  LAZARUS, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                 **FILED MAY 23, 2017**

301 Market Street, LLC., general partner for and on behalf of 301 Market Street Partners, LP, ("Plaintiff"), appeals from the judgment, entered in favor of Appellee, Jonathan Wheeler, Esquire, and the Law Offices of Jonathan Wheeler, P.C., ("Wheeler"), in this legal malpractice action.  We affirm.

The underlying legal malpractice lawsuit arises out of Wheeler's representation of Plaintiff in a property damage suit filed against a pizza shop adjacent to Plaintiff's property.  Plaintiff discovered cracking and other

_____

[*] Former Justice specially assigned to the Superior Court.

structural damage to its property, 301 Market Street. On February 6, 2014, Plaintiff's attorney, Jeffrey Wolfson, Esquire, (Wolfson) filed a complaint in professional negligence against Attorney Wheeler averring that after an inspection of Plaintiff's 301 Market Street Property, it was "revealed [that] a number of structural defects, mainly cracks on the masonry walls [were] cause[d] in large measure [by] the vibrations caused by the use of large mixing machines by an adjacent Pizzeria Restaurant." Plaintiff's First Amended Complaint, 2/6/14, at ¶ 6. Because Attorney Wheeler did not file a writ of summons to commence Plaintiff's property damage action until August 16, 2013, more than two years after the date of the property inspection, Plaintiffs alleged that "as a direct and proximate result of [Attorney Wheeler's] failure to file the [c]ivil [a]ction on a timely basis . . . Plaintiff has been caused to suffer damages." *Id.* at ¶ 15.

In the underlying property damage case, Plaintiff retained the services of Walter Green, a forensic architect, who inspected the subject area of the cracks and the building; Green prepared a preliminary report on August 9, 2011. In his report, Green opined that:

> The cracks observed in the common masonry wall with the pizzeria on 3rd Street were not consistent with building settlement or general latent displacement of the exterior wall. **The damage observed was consistent with several causes.** Given the evidence of water infiltration, the crack was consistent with water infiltrating the wall, experiencing a freeze/thaw cycle in the unheated space, which would cause the brick to crack. An alternative consistent source of the damage observed was the failure of a wood lintel supporting the masonry wall between the second and third floor. Further removal and demolition of wall finishes would be necessary to expose the cracks and supporting

structure to make a more positive determination. **The use of large mixing machines in the pizzeria to the north on 3rd Street was consistent with contributing to the damage due to vibration in floors and walls. Measurements of vibration during machinery operation would be required to verify this observation.** The cracks observed in the exterior wall observed on 3rd Street were consistent with a localized failure of a window lintel and did not appear to be the result of building settlement.

Walter E. Green Preliminary Building Inspection Report,[1] 10/12/11, at 2 (emphasis added).

On November 30, 2015 and December 1, 2015, the Honorable Eugene Maier held a bifurcated, non-jury trial in the malpractice action. Following trial, Judge Maier entered findings of fact and conclusions of law to support a verdict in favor of Attorney Wheeler. Specifically, Judge Maier found, in part, the following facts:

- Plaintiff asserts that the statute of limitations required a claim to be filed by August 9, 2013, which was two years from the [date of loss (DOL)], which was August 9, 2011. [Wheeler] argues the DOL was August 19, 2011, or thereafter, and that the earliest date of required filing was August 19, 2011[;]

- [T]he [c]ourt bifurcated the case and took testimony on that issue only, indicating testimony on other issues would be taken if the claim was not filed within the time required by the statute of limitation[s;]

- The parties also agreed that the statute of limitations for this cause would be two years[2] from the DOL and that a Writ of Summons was filed on August 16, 2011[;]

---

[1] Although Green's report is dated October 12, 2011, his actual inspection of Plaintiff's property was conducted on August 9, 2011.

[2] *See* 42 Pa.C.S. § 5524.

- The credible evidence presented indicated that Mr. Wolfson a majority or sole owner of Plaintiff did not object to [Wheeler's] communication with Wolfson indicating [the] DOL [was] August 19, 2011. Also, [Wheeler's] credible evidence indicated that in conversations with Wolfson, Wolfson had told [Wheeler] that the DOL was August 19, 2011. In addition, [Wheeler's] expert opined that the DOL was August 19, 2011[;]

- Wolfson's testimony and that of his expert that the DOL of August 19, 2011[,] pertained to a potential claim against [Plaintiff's] . . . Insurance Company has no basis in fact and is without merit[; and]

- The [c]ourt finds that there can only be one [DOL] herein, and that DOL was August 19, 2011[,] and that the Writ of Summon was filed timely[.]

Trial Court Findings of Fact/Conclusions of Law, 12/16/15, at 1-2.

Plaintiff filed post-trial motions that were denied by the trial court on July 19, 2016; judgment was entered simultaneously on the verdict. Plaintiff then filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. On appeal, Plaintiff raises the following issues for our consideration:

(1) Whether the Court committed an error of law/abuse of discretion when it ruled the statute of limitations began to toll in the underlying matter on August 19, 2011 without the support of any competent evidence or testimony.

(2) The subsequent, Post Trial Court abused its discretion wherein it speculated on the original Trial Judge's intent, rational or reasoning regarding the issue of [Wheeler's] right to rely on information relative to the date upon which the statute of limitations began to toll.

(3) In the alternative, the Trial Court committed an error of law/abuse of discretion and [Plaintiff] was unduly prejudiced, by barring [Plaintiff] from fully litigating, developing and defending against the argument or defense that [Wheeler] had a right to rely on information provided

to them regarding the date upon which the statute of limitations began to toll.

In ***Sokolsky v. Eidelman***, 93 A.3d 858 (Pa. Super. 2014), our Court set forth a plaintiff's standard of proof in a legal malpractice action, as follows:

> [A] legal malpractice action in Pennsylvania requires the plaintiff to prove that he had a viable cause of action against the party he wished to sue in the underlying case and that the attorney he hired was negligent in prosecuting or defending that underlying case (often referred to as proving a "case within a case").

***Id.*** at 862 (citation omitted). Moreover, to establish a legal malpractice claim, the plaintiff must satisfy the following three-prong test.

> 1) [E]mployment of the attorney or other basis for a duty;
>
> 2) **the failure of the attorney to exercise ordinary skill and knowledge**; and
>
> 3) that such negligence was the proximate cause of damage to the plaintiff.

***Kituskie v. Corbman***, 714 A.3d 1027, 1029 (Pa. 1998) (citation omitted) (emphasis added).[3]

Generally, once the prescribed statutory period has expired on a cause of action, the complaining party is barred from bringing suit. ***Hayward v. Medical Center of Beaver County***, 608 A.2d 1040, 1043 (Pa.

---

[3] With regard to the underlying lawsuit filed against the pizza shop, we recognize that "[a] question regarding the application of the statute of limitations is a question of law." ***K.A.R. v. T.G.L.***, 107 A.3d 770, 775 (Pa. Super. 2014) (citation and internal quotation marks omitted). Our standard of review over questions of law is de novo and, to the extent necessary, the scope of our review is plenary as the appellate court may review the entire record in making its decision. ***Id.*** (citation omitted).

1990). The "discovery rule," however, is an exception to that rule, and its application tolls the running of the statute of limitations. **Id.** With regard to the discovery rule, we recognize that it is a judicially created device that tolls the running of the applicable statute of limitations until that point when the plaintiff knows or reasonably should know: (1) that he has been injured; and (2) that his injury has been caused by another party's conduct. **Kituskie**, 714 A.3d at 779-80.

Instantly, the statute of limitations on Plaintiff's cause of action against the pizza shop accrued when Plaintiff knew or reasonably should have known that 301 Market Street had suffered damages and that the damage had been caused by the pizza shop's conduct. **Id.** Attorney Wheeler contends that the Plaintiff led him to believe that the DOL on the underlying action against the pizza shop occurred on August 19, 2011, when Plaintiff sent a letter to its insurer informing the company that there was a crack in the wall of 301 Market and that Plaintiff intended to make a claim under its policy. Plaintiff, however, averred that the DOL was the date that Green conducted his inspection of the building on Plaintiff's behalf, on August 9, 2011. At trial, both parties offered expert testimony to support their claimed DOL.

It is evident that the trial judge, as factfinder, chose to believe the defense expert, Allen Gordon, Esquire, who opined, after reviewing relevant

documents,[4] that Attorney Wheeler was not negligent in reasonably relying upon information from Wolfson that the statute of limitations began to run on August 16, 2011, where: Wolfson never corrected information in letters he received from Wheeler indicating that the DOL was August 19th; the August 9th Green Report was considered "preliminary;" and it was reasonable for Wheeler to not consider August 9th as the DOL where the Green Report indicated further tests would have to be conducted to determine that the pizza shop was the cause of Plaintiff's damage. **See** N.T. Trial (Waiver), 12/1/15, at 33-35.

After reviewing the parties' briefs, relevant case law and record on appeal, we agree with the trial court that judgment was properly entered in this case where Wheeler did not breach his duty of care when he reasonably believed that the DOL in Plaintiff's underlying action against the pizza shop occurred on August 19, 2011. Because Attorney Wheeler filed the Writ of Summons on Plaintiff's property damage claim within the two-year statute of limitations, Attorney Wheeler did not "fail[] . . . to exercise ordinary skill and knowledge," **Kituskie**, **supra**, a prerequisite to proving a legal malpractice

---

[4] Those documents included: Plaintiff's complaint; Attorney Wheeler's response to complaint; Plaintiff's engineer's Limited Structural Assessment Report; Green's Report; Plaintiff's expert report; correspondence between Wolfson and Wheeler, including text and email messages; and 301 Market Street property photos. **See** Allan H. Gordon Expert Opinion, 7/2/15, at 1.

claim. We, therefore, rely upon The Honorable Idee C. Fox's[5] July 19, 2016 post-trial opinion and October 12, 2016 addendum to opinion, and Judge Maier's December 16, 2015 findings of fact and conclusions of law in disposing of Plaintiff's issues on appeal. We instruct the parties to attach a copy of Judge Fox's and Judge Maier's decisions and findings/conclusions in the event of further proceedings in the matter.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2017

---

[5] Judge Maier retired as of December 31, 2015.

Received 1/9/2017 10:22:10 AM Superior Court Eastern District
Received 9/12/2016 10:49:51 AM Superior Court Eastern District

Filed 1/9/2017 10:22:00 AM Superior Court Eastern District
Filed 9/12/2016 10:49:00 AM Superior Court Eastern District
2658 EDA 2016

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| 301 MARKET STREET, LLC,<br>General Partner for and on behalf of<br>301 MARKET STREET PARTNERS, LP:<br>Plaintiff | :<br>:<br>:<br>: | DECEMBER TERM, 2013 |
| | : | No. 1818 |
| V<br>JONATHAN WHEELER, ESQ. | :<br>:<br>: | |
| and | :<br>: | |
| LAW OFFICES OF JONATHAN<br>WHEELER, P.C. | :<br>:<br>: | 301 Market Street, Llc -WSFFD |
| Defendants | :<br>: | 13120181800086 |

DEC 2 1 2015

J. STEWART

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. This is a case alleging Legal Mal Practice by Defendant, based on his handling of a damage claim of Plaintiff.

2. When the case was called to trial the court was informed that all parties agreed that the initial and dispositive issue to be determined was whether the Defendant filed and action within the time required by the statute of limitations.

3. Plaintiff asserts that the statute of limitations required a claim to be filed by August 9, 2013, which was two years from the Date of Loss (DOL), which was August 9, 2011. Defendants argues the DOL was August 19, 2011 or thereafter, and that the earliest date of required filing was August 19, 2011.

4. Accordingly, the Court bifurcated the case and took testimony on that issue only, indicating testimony on other issues would be taken if the claim was not filed within the time required by the statute of limitation.

5. The parties also agreed that the statute of limitations for this cause would be two years from the DOL and that a Writ of Summons was filed on August 16, 2011.

Case ID: 131201818
RR480a

6. The credible evidence presented indicated that Mr. Wolfson (Wolfson) a majority or sole owner of Plaintiff did not object to Defendant's communication with Wolfson indicating DOL of August 19, 2011. Also, Defendant's credible evidence indicated that in conversations with Wolfson, Wolfson had told Defendant that the DOL was August 19, 2011. In addition the Defendant's expert opined that the DOL was August 19, 2011.

7. Wolfson's testimony and that of his expert that the DOL of August 19, 2011 pertained to a potential claim against Regis Insurance Company has no basis in fact and is without merit.

8. The Court finds that there can be only one date of loss herein, and that DOL was August 19, 2011 and that the Writ of Summons was filed timely.

9. Therefore Verdict is entered for Defendant.

10. In addition, the Plaintiff's Architects expert's report purporting to assign negligence indicated that several items were consistent with a cause of damage to plaintiff but that further investigation, measurements, and construction data would be required to verify that data was not a final report which would have been required to prevail on an underlying case.

BY THE COURT:

EUGENE MAIER, SJ.

12/16/15

Date:_____

**IN THE COURT OF COMMON PLEAS FOR PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

| | |
|---|---|
| **301 MARKET STREET, LLC,** | : **DECEMBER TERM, 2013** |
| **GENERAL PARTNER FOR AND ON** | : |
| **BEHALF OF 301 MARKET STREET** | : **NO. 1818** |
| **PARTNERS, LP** | : |
| | : |
| **v.** | : |
| | : **SUPERIOR COURT NO.** |
| | : |
| **JONATHAN WHEELER, ESQ. AND** | : **2658 EDA 2016** |
| **LAW OFFICE OF JONATHAN** | : |
| **WHEELER, ESQ.** | : |

## ADDENDUM TO OPINION

Plaintiff has appealed this court's Order docketed July 19, 2016 which denied

Plaintiff's Motion for Post Trial Relief filed from the decision of the Honorable Eugene

Maier.[1]

Plaintiff filed this action for legal malpractice against Defendants Jonathan

Wheeler and his law office. The Complaint alleges Defendants failed to timely file a

property damage suit against a pizza shop adjacent to Plaintiff's property. The specific

issue concerned the date upon which the statute of limitations tolled. The matter

proceeded to a Non-Jury Trial before Judge Maier where the parties presented

testimony and exhibits. Following trial, Judge Maier entered Findings of Fact and

Conclusions of Law, and entered a verdict in favor of Defendants. Judge Maier's

Findings and Conclusions are attached hereto and incorporated herein.

---

[1] Judge Maier retired as of December 31, 2015

301 Market Street, Llc Vs Wheeler Et Al-OPFLD

13120181800113

RR497a

Plaintiff filed for post-trial relief. Defendants responded. As Judge Maier had since retired from the bench, Plaintiff's Post-Trial Motion was assigned to this court. After oral argument, this court denied Plaintiff's request for post-trial relief by Order docketed July 19, 2016. The basis for this court's decision is set forth in the Opinion that accompanied the Order, a copy of which is appended hereto. This appeal followed.

Plaintiff's 1925(b) statement raises five (5) issues on appeal. Initially, Defendant's fifth issue on appeal, namely that Judge Maier erred and/or abused his discretion by barring Plaintiff from fully litigating, developing and defending against Defendants' defense at trial, was not raised in Plaintiff's Post-Trial Motion. Accordingly, this issue is waived. *See* Pa.R.C.P., Rule 227.1(b), (grounds not specified in post-trial motions are deemed waived) and Pa.R.A.P., Rule 302(a), (issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

Plaintiff's fourth issue on appeal argues that this court erred and/or abused its discretion by speculating on Judge Maier's reasoning regarding the issue of Defendants' right to rely on information relative to the date upon which the statute of limitations began to toll. This issue on appeal must fail, as the record as a whole is sufficient for this court to support Judge Maier's findings. It is well established that the credibility of witnesses is an issue to be determined by the trier of fact. *See Krankowski v. O'Neil,* 928 A.2d 284, 287 (Pa.Super.2007). The appellate court will respect a trial court's findings with regard to the credibility and weight of the evidence unless the appellant can show that the trial court's determination was manifestly erroneous, arbitrary and

capricious or flagrantly contrary to the evidence. *Ecksel v. Orleans Const. Co.*, 360 Pa.Super. 119, 519 A.2d 1021, 1028 (1987). Here, Defendants presented enough evidence to support Judge Maier's findings. It is clear from the record Judge Maier made a determination as to credibility of the witnesses and found Defendants credible. Findings of Fact and Conclusion of Law ¶6. This court will not disturb Judge Maier's findings.

Plaintiff's remaining issues on appeal also must fail based on this court's Opinion filed July 19, 2016.

BY THE COURT:

_____

IDEE C. FOX, J.

Date: 10/12/16