J-A12029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| ABDUL-RAHEEM HUMPHREY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IJNANYA YOUNG | : | No. 3145 EDA 2022 |

Appeal from the Order Entered November 21, 2022
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s): 0C1800639

BEFORE: OLSON, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.: **FILED MAY 2, 2023**

Appellant Abdul-Raheem Humphrey (Father) purports to appeal *pro se* from the September 1, 2022 order granting him supervised partial physical custody and granting Appellee Ijnanya Young (Mother) sole legal and primary physical custody of their minor child N.H. (Child), the September 1, 2022 order holding Father in contempt, and the November 21, 2022 denying Father's various custody-related petitions. Also before this Court are Mother's applications to dismiss the appeal and for an extension of time to file a brief. For the following reasons, we dismiss the appeal and dismiss Mother's application for an extension of time to file a brief as moot.

The underlying facts and procedural history are well known to the parties. *See* Trial Ct. Op., 1/23/23, at 1-11 (unpaginated). Briefly, on September 1, 2022, after a hearing, the trial court entered a custody order granting Mother sole legal and primary physical custody of Child and granting

Father supervised partial physical custody of Child. That same day, the trial court entered an order holding Father in contempt of the trial court's January 5, 2022 custody order and ordered Father to pay Mother $500 as a sanction. Father did not file a notice of appeal from either of these orders at that time.

Subsequently on November 3, 2022, Father filed a *pro se* petition for contempt. The following day, Father filed a *pro se* petition to modify custody and a *pro se* petition for emergency relief. Following a hearing on November 18, 2022, the trial court entered an order on November 21, 2022, denying Father's petitions and ordering that the September 1, 2022 custody order remains in effect.

On December 13, 2022,[1] Father filed a notice of appeal purporting to appeal from the September 1, 2022 custody order, the September 1, 2022 contempt order, and the November 21, 2022 custody order. Father subsequently filed a court ordered Pa.R.A.P. 1925(b) concise statement.[2] The

---

[1] Both the trial court and Mother state that Father filed his notice of appeal on December 18, 2022. **See** Trial Ct. Op. at 9, 13 (unpaginated); Mother's App. to Dismiss at 1 (unpaginated). Our review of the record indicates that Father filed his notice of appeal on December 13, 2022, which is the same date the trial court issued its Rule 1925(b) order. **See** Notice of Appeal, 12/13/22; Trial Ct. Order, 12/13/22.

[2] In a children's fast track appeal, "[t]he concise statement of errors complained of on appeal shall be filed and served with the notice of appeal required by Rule 905." Pa.R.A.P. 1925(a)(2)(i). However, we decline to find waiver on this basis as Father's late filing of his Rule 1925(b) concise statement does not run contrary to an order of this Court or of the trial court, and no party had raised any allegation of prejudice. **See In re K.T.E.L.**, 983 A.2d 745, 747-48 (Pa. Super. 2009).

trial court issued a Rule 1925(a) opinion concluding that Father's appeal from the September 1, 2022 orders was untimely filed, and also addressed Father's claims on the merits. **See** Trial Ct. Op. at 12-13, 16-21 (unpaginated).

Before reaching the merits of Father's appellate issues, we must address Mother's application to dismiss the appeal with respect to the trial court's September 1, 2022 orders. Mother argues that this Court does not have jurisdiction to hear Father's appeal from those orders because the appeal was untimely filed. Mother's App. to Dismiss at 1-2 (unpaginated); **see also** Trial Ct. Op. at 12-13.

It is well established that "the timeliness of an appeal implicates our jurisdiction[.]" **Krankowski v. O'Neil**, 928 A.2d 284, 285 (Pa. Super. 2007) (citation omitted)). In order to be timely, a notice of appeal must be filed within thirty days after entry of the appealable order. Pa.R.A.P. 903(a); **see also** Pa.R.A.P. 108(a)(1) (stating that the date of entry of an order is the day the clerk of court mails copies of the order to the parties). Rule of Appellate Procedure 341 provides, in relevant part, "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). This Court has explained that "a custody order will be considered final and appealable only if it is both: 1) entered after the court has completed its hearings on the merits; and 2) intended by the court to constitute a complete resolution of the custody claims pending between the parties." **Kassam v. Kassam**, 811 A.2d 1023, 1027 (Pa. Super. 2002) (citation omitted and formatting altered). Also, "a finding of contempt is final and appealable when

a sanction is imposed." ***J.M. v. K.W.***, 164 A.3d 1260, 1264 (Pa. Super. 2017) (*en banc*) (citation omitted).

Here, Father filed a single notice of appeal on December 13, 2022, purporting to appeal from three different orders: two entered on September 1, 2022 and the third entered on November 21, 2022.[3] Our review of the record indicates that the trial court's September 1, 2022 custody order was a final and appealable order because it was entered after the hearing, and it resolved all pending custody claims. ***Kassam***, 811 A.2d at 1027. Further, the September 1, 2022 contempt order was final because it imposed a sanction of $500 payable to Mother. ***See J.M.***, 164 A.3d at 1264. Father filed his notice of appeal 103 days after these orders were entered, therefore Father's appeal is patently untimely with respect to the September 1, 2022 orders. ***See*** Pa.R.A.P. 903(a). For these reasons, we grant Mother's application and dismiss Father's appeal insofar as Father appealed from the trial court's September 1, 2022 orders.

Concerning the November 21, 2022 custody order, we note that Father has filed a brief in which he argues that he and Child were denied due process and that the trial court's order violates various state and federal statutes

---

[3] We note that our Supreme Court has explained that generally, "[t]aking one appeal from separate judgments is not acceptable practice and is discouraged. It has been held that a single appeal is incapable of bringing on for review more than one final order . . . ." ***Gen. Elec. Credit Corp. v. Aetna Cas. & Sur. Co.***, 263 A.2d 448, 452 (Pa. 1970). However, given our disposition of Mother's application to dismiss, the defect in Father's notice of appeal regarding multiple orders is moot.

related to protection from abuse. Father's Brief at 1-3. Father also asserts that he was wrongfully arrested for kidnapping Child, and that the charges were subsequently amended to interference with custody of children and concealment of whereabouts of a child[4] in connection with this custody matter. *Id.* at 2.

Before addressing Father's claims insofar as they relate to the November 21, 2022 custody order, we must consider whether Father complied with the Pennsylvania Rules of Appellate Procedure. This issue is a pure question of law for which "our scope of review is plenary[,] and the standard of review is *de novo*." **Commonwealth v. Walker**, 185 A.3d 969, 974 (Pa. 2018), *overruled on other grounds by* **Commonwealth v. Young**, 265 A.3d 462 (Pa. 2021). It is well settled that appellate briefs must conform to the requirements set forth in the appellate rules. **In re Ullman**, 995 A.2d 1207, 1211 (Pa. Super. 2010) (citations omitted). Further, if the defects in an appellant's brief "are substantial, the appeal or other matter may be quashed or dismissed." Pa.R.A.P. 2101.

The Rules set forth specific requirements for the required content of an appellate brief. **See** Pa.R.A.P. 2111(a). Among other things, briefs must contain a statement of jurisdiction, statement of both the scope of review and the standard of review, statement of the questions involved, statement of the

---

[4] 18 Pa.C.S. §§ 2904(a) and 2909(a), respectively.

case, summary of argument, argument section, and a short conclusion stating the precise relief sought. ***See id.***

Further, this Court has explained that an appellant's *pro se* status does not relieve them of their duty to comply with our Rules of Appellate Procedure. ***Jiricko v. Geico Ins. Co.***, 947 A.2d 206, 213 n.11 (Pa. Super. 2008). "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Ullman***, 995 A.2d at 1211-12 (citations omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***U.S. Bank, N.A. v. Pautenis***, 118 A.3d 386, 394 (Pa. Super. 2015) (citations omitted).

Here, Father has filed a three-page brief in which he raises a generalized claim that the trial court's order violated his and Child's due process rights and various state and federal laws. Father's Brief at 1-3. However, although Father attached the trial court's opinion to his brief, Father has otherwise failed to meet any of the requirements for an appellate brief. ***See*** Pa.R.A.P. 2111(a)(1), (3)-(6), (8)-(9). Further, Father has failed to develop his claim in any meaningful fashion or provide any basis for why this Court should reverse the trial court's November 21, 2022 order. ***See Pautenis***, 118 A.3d at 394.

Under these circumstances, and given the substantial defects in Father's brief, we are unable to conduct a meaningful review of Father's claims insofar as they relate to the trial court's November 21, 2022 custody order. For these

reasons, we are constrained to dismiss Father's appeal of the November 21, 2022 custody order.[5],[6]  *See* Pa.R.A.P. 2101; *Ullman*, 995 A.2d at 1211-12.

Appeal dismissed.  Oral argument cancelled.  Mother's application to dismiss appeal granted.  Mother's application for an extension of time to file a brief dismissed as moot.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/2023

---

[5] Because we dismiss Father's appeal, Mother's application for an extension of time to file an appellate brief is moot.

[6] In any event, even if we were to address whether the trial court abused its discretion in denying Father's custody-related petitions, we would affirm on the basis of the trial court's opinion.  *See* Trial Ct. Op. at 19-21 (unpaginated).